MEMORANDUM *
Plaintiff Darlene Cherry appeals the district court's judgment in favor of defendant United States after a bench trial on her Jones Act negligence and common law unseaworthiness claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
The district court's "[fjindings of lack of negligence and of seaworthiness [are] not clearly erroneous . because affirmative evidence supports the findings [and] because sufficient evidence to the contrary has not been presented by the one upon whom rests the burden of proof." Walston v. Lambertsen, 349 F.2d 660, 663 (9th Cir.1965). The district court rejected the "featheiweight" causation standard applicable to Jones Act negligence suits that requires only slight evidence that defendant's negligence caused plaintiffs injuries, see Ribitzki v. Canmar Reading & Bates, Ltd., 111 F.3d 658, 664 (9th Cir.1997), as amended on denial of reh'g and reh'g en banc; In re Hechinger, 890 F.2d 202, 208 (9th Cir.1989), but it did not clearly err because it pointed to affirmative evidence in Dr. Green's testimony of no objective connection between plaintiff's condition and her slip and fall in November 2004. See Claar v. Burlington N. R.R. Co., 29 F.3d 499, 503 (9th Cir.1994) (holding that plaintiffs under a lower causation standard "still must demonstrate some causal connection between a defendant's negligence and their injuries"). Plaintiffs appeal of the district court's unseaworthiness finding, which is subject to a "substantial factor" causation standard, fails for the same reason. See Ribitzki, 111 F.3d at 665.
The district court did not abuse its discretion by requiring expert testirno-fly to prove cai~isation. See Claar, 29 F.3d at 504. Because plaintiffs failure to disclose her expert under Fed.R.Civ.P. 26(a)(2)(A) was neither substantially justified nor harmless, the district court did not abuse its discretion by excluding plaintiffs expert's testimony regarding causation. See Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-07 (9th Cir.2001).
AFFIRMED.

This disposition is not appropriate for publica-lion and is not precedent except as provided by 9th Cir. R. 36-3.